UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER HRYCENKO, SR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SEAN MEDEIROS, ) <br> ) <br> Respondent. ) <br> ) | Civil Action No. <br> 15-13769-FDS |

**MEMORANDUM AND ORDER ON PETITIONER'S MOTION
TO STAY AND ON RESPONDENT'S MOTION TO DISMISS**

**SAYLOR, J.**

This is an action by a state prisoner, currently serving a sentence at MCI-Norfolk, seeking a writ of habeas corpus pursuant to 28 U.S.C § 2254. Petitioner Peter Hrycenko, Sr., was convicted after a jury trial in Suffolk County Superior Court on a charge of intimidating a judge in violation of G.L. c. 268, § 13B. He was sentenced to a term of imprisonment of three to seven years. The Massachusetts Appeals Court affirmed his conviction and the Supreme Judicial Court denied his application for leave to obtain further appellate review.

Hrycenko has filed a petition for habeas relief, asserting that his conviction and sentence are unlawful on the following grounds: (1) that trial counsel provided ineffective assistance at trial; (2) that the admission of the victim-judge's interpretation of petitioner's letter was irrelevant to prove intimidation and unduly prejudicial; and (3) that the sentencing judge had no authority to revise his sentence and inappropriately considered the possibility of parole. Hrycenko acknowledges that he has not exhausted Claim Two in his petition and that he

is currently appealing Claim Three in the Massachusetts Appeals Court. Along with the petition for habeas relief, Hrycenko has moved for a stay and abeyance of proceedings while he resolves his unexhausted claims in state court. Respondent Sean Medeiros, superintendent of MCI-Norfolk, has moved to dismiss the petition for lack of exhaustion.

For the following reasons, the motion to stay will be DENIED and respondent's motion to dismiss the petition will be DENIED without prejudice.

**I.      Background**

      **A.      Factual Background**

On December 20, 2007, Peter Hrycenko, Sr., appeared before Judge Kathleen Coffey in the Boston Municipal Court. (Pet. Ex. A at 3). He pleaded guilty to a charge of operating after suspension and received a two-year split sentence. (*Id.*). He was taken into custody and lodged at the Suffolk County House of Correction at South Bay. (*Id.*).

While in custody, Hrycenko wrote a seven-page handwritten letter to Judge Coffey asking for a sentence reduction. (*Id.* at 4). In the letter, he referred to his familiarity with Judge Coffey's residence and how he "ha[s] never retaliated against [her] or [her] property because it is not who [he is]." (*Id.*). Judge Coffey received the letter on December 27. She promptly informed the police. (*Id.*)

Hrycenko was arrested and interviewed about the letter on December 28, 2007. (*Id.*). He was then indicted on charges of intimidating a judge.

Hrycenko was tried in the Massachusetts Superior Court in August 2009. (*Id.* at 5). That proceeding ended in a mistrial when the jury could not reach a unanimous verdict. (*Id.*). On November 12, 2009, his former counsel withdrew, and he was appointed a new attorney, Matthew Campbell. (*Id.*).

Attorney Campbell defended Hrycenko during the second trial. (*Id.* at 7). The jury convicted him on March 29, 2012. He was then sentenced to state prison for a term of three to seven years. (*Id.* at 2).

### B.     Procedural Background

After his conviction, Hrycenko filed a motion for new trial based on a claim of ineffective assistance of counsel. (Pet. Ex. A 1). On April 7, 2014, that motion was denied. (*Id.* at 13). He also filed a motion to revise and revoke his sentence, which the trial judge did not act upon. (Pet. 4).

Hrycenko appealed the denial of the motion for new trial to the Massachusetts Appeals Court. That appeal raised three claims: (1) the trial court erred in denying the motion for new trial because defense counsel at trial was ineffective when he failed to raise a defense of lack of criminal responsibility based on mental impairment; (2) the admission of Judge Coffey's interpretation of the letter was irrelevant to prove intimidation and unduly prejudicial; and (3) the trial judge misunderstood his power to revise a sentence under Mass. R. Crim. P. 29(a) and improperly relied on the possibility of parole. (Pet. Ex. A 15-19). On May 18, 2015, the Massachusetts Appeals Court denied the motion for a new trial and affirmed the conviction. (*Id.* at 19).

Hrycenko then filed an application for leave to obtain further appellate review ("ALOFAR") in the Supreme Judicial Court. (Pet. 3-4). He reasserted Claims One and Three from his previous appeal, but omitted Claim Two (concerning Judge Coffey's interpretation of the letter). (*Id.* at 4). The Supreme Judicial Court denied the ALOFAR on July 24, 2015. (*Id.* at 3).

On August 21, 2015, Hrycenko filed a second motion in the Superior Court to revise and

revoke his sentence. (Resp't Mem. 3). After a hearing, that motion was denied on December 3, 2015. (*Id.*). He filed a motion for reconsideration, which was denied on December 17, 2015. (*Id.*).

Hrycenko filed a petition for a writ of habeas corpus in this Court on October 30, 2015. The petition asserts that his conviction and sentence are unlawful on three grounds: (1) his counsel provided ineffective assistance at trial; (2) Judge Coffey's personal interpretation of the letter was improperly admitted; and (3) the trial judge erred in revising his sentence and considering parole. (Pet. 5-9). Hrycenko requested that the Court stay the petition and hold it in abeyance until he has exhausted his claims in state court.

On June 17, 2016, after Hrycenko filed his original petition, he filed another appeal in the Massachusetts Appeals Court requesting action on the motion to revise and revoke his sentence that the trial judge did not act upon. (Docket No. 25 at 7). That appeal contends that his sentence should be revised and revoked because (1) he received ineffective assistance of counsel and (2) the trial judge inappropriately considered the possibility of parole when imposing the sentence. (*Id.*)

Respondent Sean Medeiros has moved to dismiss the petition and opposes the motion for a stay and abeyance.

## II. Analysis

### A. Standard of Review

Respondent filed a motion to dismiss the habeas petition under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Supreme Court has noted that "Rule [12] of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Federal Rules of Civil Procedure apply 'to the extent that they are not inconsistent with [habeas] rules.'" *Banks v.*

*Dretke*, 540 U.S. 668, 687 (2004); Rules Governing Section 2254 Cases in the United States District Courts;[1] *see also Delgado v. Dennehy*, 503 F. Supp. 2d 411, 413 (D. Mass. 1989) (citing *Banks*). When reviewing a motion under Rule 12(b)(6), a court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

   B.   **Legal Analysis**

      1.   **Motion for Stay and Abeyance**

Before applying for a writ of habeas corpus, the petitioner must have exhausted his available remedies in the state court. 28 U.S.C. § 2254(b)(1)(A). Specifically, the petitioner must demonstrate that he has "exhausted his state remedies by having first presented the federal constitutional issue to the state courts for their decision." *Goodrich v. Hall*, 448 F.3d 45, 47 (1st Cir. 2006). Where a claim raised in a petition for a writ of habeas corpus is unexhausted, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citing *Darr v. Burford*, 339 U.S. 200, 204 (1950)).

For a claim to be exhausted, the claim must have been fairly presented to the state court. *Baldwin v. Reese*, 541 U.S. 23, 32 (2004). Specifically, if a claim is omitted from an ALOFAR, then that claim is not exhausted. *Clements v. Maloney*, 485 F.3d 158, 168 (1st Cir. 2007).

Here, Hrycenko clearly has not exhausted all of his state remedies. In his ALOFAR,

---

[1] Rule 11, cited in *Banks v. Dretke*, was renumbered as Rule 12 in 2009.

Hrycenko did not include Claim Two, the claim that Judge Coffey's personal interpretation of the letter was unfairly prejudicial. Furthermore, in Hrycenko's response, he indicated that his motion to revise and revoke sentence is pending on appeal in the Massachusetts Appeals Court. Therefore, Hrycenko's petition contains at least two unexhausted claims.

When a petitioner raises unexhausted claims, he may request that the federal court stay the habeas petition and hold it in abeyance until petitioner has had time to exhaust his unexhausted claims at the state level. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, the Court's discretion is circumscribed, as its decision must "be compatible with AEDPA's purposes."[2] *Id.* Accordingly, "stay and abeyance should be available only in limited circumstances." *Id.* at 278. The circumstances under which a stay and abeyance is appropriate are where:

> (1) "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," (2) the "unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." In cases where these criteria are not satisfied, the Supreme Court held that "the [district] court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."

*Clements v. Maloney*, 485 F.3d 158, 169 (1st Cir. 2007) (quoting *Rhines*, 544 U.S. at 277-78).

Hrycenko has not shown good cause for his failure to exhaust all of his available claims. In neither his petition nor his response does he address or provide a rationale as to why he has failed to exhaust Claim Two. Furthermore, he filed the appeal with the Massachusetts Appeals Court after he filed his habeas petition. He has provided no reason or justification as to why he did not wait until a final judgment on his current appeal, but only asks this Court to stay his

---

[2] AEDPA is the Anti-Terrorism and Effective Death Penalty Act of 1996, codified in relevant part at 28 U.S.C. § 2254.

habeas petition until the Appeals Court makes a decision and he has an opportunity to request further appellate review. Therefore, Hrycenko has not shown good cause for his failure to exhaust all of his claims. Because he has not shown good cause, the Court does not need to consider the merits of his unexhausted claims.

## 2. Motion to Dismiss Petition

When a petition contains mixed claims and a motion to stay is denied, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278. Here, Hrycenko has two unexhausted claims, one of which is currently pending in the Massachusetts Appeals Court. Accordingly, Hrycenko's petition must be dismissed with prejudice unless he either (1) agrees to dismiss the unexhausted claims (forever forfeiting the right to federal habeas review of those claims), or (2) requests that the petition be dismissed without prejudice to permit him to return to state court and pursue the unexhausted claim. *See Rose v. Lundy,* 455 U.S. 509, 520 (1982); *see also Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004).[3]

Accordingly, the petition for a writ of habeas corpus will be dismissed unless, within 30

---

[3] Hrycenko should be aware that filing of his federal habeas petition did not toll any applicable limitations periods under Massachusetts law, and, therefore, he may now be barred from raising the unexhausted claims in state court because the appeals deadlines may have passed.

He should also be aware that the filing of his federal habeas petition did not toll the running of the one-year limitations period contained in 28 U.S.C. § 2244(d). *See Neverson v. Farquharson,* 366 F.3d 32, 38 (1st Cir. 2004). Accordingly, any successive petition that he attempts to file in this Court (for example, after attempting to exhaust his state remedies) may be barred as untimely.

Finally, he should be aware that if he decides to delete his unexhausted claims and proceed with his exhausted claims, he may be prevented from filing a second petition requesting habeas review of those previously unexhausted claims. *See* 28 U.S.C. § 2244(3)(A) (requiring petitioner to get authorization from the appropriate court of appeals before filing a second or successive petition); *but see Slack v. McDaniel*, 529 U.S. 473 (2000) (holding that a petitioner is not barred from bringing a second petition after the first petition was dismissed for failure to exhaust).

days of the date of this Order, Hrycenko files a request to dismiss the unexhausted claims in his petition and proceed on the merits of the sole exhausted claim.

## III.     Conclusion

For the reasons stated above, petitioner's motion to stay the petition is DENIED. Respondent's motion to dismiss (Dkt. No. 17) is DENIED without prejudice to the re-filing of a motion to dismiss directed to the exhausted claims if petitioner chooses to dismiss his unexhausted claims.

**So Ordered.**

Dated:  July 26, 2016

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge