UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER HRYCENKO, SR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SEAN MEDEIROS, )<br>)<br>Respondent. )<br>) | Civil Action No.<br>15-13769-FDS |

ORDER ON PETITIONER'S MOTION TO REINSTATE
PETITION AND ENLARGE TIME TO FILE AN AMENDED PETITION

**SAYLOR, J.**

This is a petition for a writ of habeas corpus by a prisoner in state custody pursuant to 28 U.S.C § 2254. Petitioner Peter Hrycenko, Sr., is currently serving a term of imprisonment of three to seven years at MCI-Norfolk. On September 16, 2016, the Court dismissed his petition. On September 28, 2016, he brought this motion to reinstate the petition and enlarge the time for filing an amended petition. For the following reasons, the motion will be denied.

On December 20, 2007, Hrycenko appeared before Judge Kathleen Coffey in the Boston Municipal Court. (Pet. Ex. A at 3). He pleaded guilty to a charge of operating after suspension and received a two-year split sentence. (*Id.*). While in custody on that charge, Hrycenko wrote a seven-page handwritten letter to Judge Coffey asking for a sentence reduction, and referring to his familiarity with her residence and how he "ha[s] never retaliated against [her] or [her] property because it is not who [he is]." (*Id.* at 4).

On March 29, 2012, a jury in Massachusetts Superior Court convicted Hrycenko of

intimidating a judge. He was sentenced to a term of imprisonment of three to seven years. (*Id.* at 2).

On October 30, 2015, Hrycenko filed a petition for a writ of habeas corpus in this Court. The petition asserted that his conviction and sentence are unlawful on three grounds: (1) his counsel provided ineffective assistance at trial; (2) Judge Coffey's personal interpretation of the letter was improperly admitted; and (3) the trial judge erred in revising his sentence and considering parole. (Pet. 5-9). Hrycenko requested that the Court stay the petition and hold it in abeyance until he exhausted his claims in state court.

On July 26, 2016, the Court issued an order finding that Hrycenko's petition was a so-called "mixed petition" presenting both exhausted and unexhausted claims. (Docket No. 27). The Court found that the first and third claims had been presented to the Massachusetts Supreme Judicial Court in an ALOFAR, but that claim two, concerning the admission of Judge Coffey's interpretation of the letter, had not been presented in the ALOFAR and was therefore unexhausted. The Court further noted that Hrycenko has a motion to revise and revoke his sentence pending on appeal in the Massachusetts Appeals Court.

The Court denied Hrycenko's motion to stay the petition pending the resolution of the state-court proceedings. It further held that the petition would be dismissed if he did not file an amended petition deleting the unexhausted claims on or before August 25, 2016. Hrycenko did not file an amended petition within the allotted time. The Court dismissed the petition on September 16, 2016.

Six days later, and twenty-nine days after the deadline for filing an amended petition, on September 22, 2016, he filed an amended petition that purportedly deleted the unexhausted claims and brought only exhausted claims.

The amended petition reasserted claims one and three and eliminated the unexhausted second claim. The amended petition also added a new claim, contending that Hrycenko is actually innocent.

On September 28, 2016, Hrycenko filed this motion seeking to reinstate the petition and to enlarge the time for filing an amended petition.

The amended petition fails to comply with the Court's order in multiple respects. First, it was filed nearly one month late. Petitioner contends that he failed to meet the filing deadline because he misread the Court's order. (Mot. to Reinstate Pet. at 2). That mistake does not excuse his non-compliance.

Second, the amended petition fails to comply with the substance of the Court's order. Petitioner was ordered to deleted his unexhausted claims and bring only exhausted claims in an amended petition. Instead, his amended petition asserts a wholly new claim, contending that he is actually innocent. That claim was not raised in the ALOFAR, nor was it asserted in the original petition in this proceeding.

Because petitioner failed to comply with the Court's July 26 order, the motion to reinstate the petition and enlarge the time for filing an amended petition is DENIED.

**So Ordered.**

Dated: April 3, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge