# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PETER HRYCENKO, SR., | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 15-13769-FDS |
| SEAN MEDEIROS, | ) ) ) | |
| Respondent. | ) ) | |

## ORDER ON CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

On July 26, 2016, this Court entered a memorandum and order concerning Peter Hrycenko's petition for a writ of habeas corpus made pursuant to 28 U.S.C. § 2254. It found that the petition was a so-called mixed petition subject to possible dismissal and permitted Hrycenko to remedy that defect by filing an amended petition that alleged only exhausted claims within thirty days. He failed to file an amended petition by that deadline, after which the Court entered an order of dismissal.

On September 28, 2016, Hrycenko moved to reinstate the petition and enlarge the time to file an amended petition. The Court denied that motion, finding that he had failed to comply with the terms of the Court's July 26, 2016 order to bring only exhausted claims and had missed the filing deadline without adequate justification.

To appeal the final order in a proceeding instituted under 28 U.S.C. § 2254, the petitioner must first obtain a Certificate of Appealability ("COA") from a circuit justice or a district court. *See* 28 U.S.C. § 2253(c). A COA will issue only if the petitioner "has made a substantial

showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). That standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

That standard has not been satisfied here. *See Miller-El*, 537 U.S. at 337. Indeed, no reasonable jurist could conclude that this Court erred when it dismissed Hrycenko's section 2254 motion as a so-called mixed-petition. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Nor could a reasonable jurist conclude that it erred in failing to reinstate the petition when the proposed amended petition plainly failed to comply with the Court's order in multiple respects. Therefore, the COA should not issue.

In accordance with the foregoing, a certificate of appealability is DENIED.

**So Ordered.**

                                                  /s/ F. Dennis Saylor
                                                  F. Dennis Saylor IV
                                                  United States District Judge

Dated: May 8, 2017